Rollins, S.
—This testatrix died in May, 1867, leaving a will whereby she gave one-fourfh of her residuary estate to Edward M. Willett and Benjamin Stevens, Jr., in trust, to receive the rents, issues and profits thereof, and to pay the same to her son, William M. Willett, during his fife, and, at his death, to convey the principal estate to his. children.
The will further provided that in case either of the said trustees should die, or should refuse to accept the trust, the surviving or continuing trustee should have power “to nominate a new trustee for the purpose of filling such vacancy, so that there shall be at afi times two trustees.”
The authority conferred in the clause of the will above quoted has been at various times called into exercise.
Benjamin Stevens, Jr., never assumed responsibility as trustee. Edward M. Willett acted as sole trustee for about a year after decedent’s death.
Wiliam M. Willett, Jr., a son of the cestui que trust for life, was appointed by Edward to fill the vacancy, and continued in office until he died on April 23, 1876.
On May 15, 1877, William E. Waring was appointed in his place. Waring acted until his death in October, 1882.
In June, 1886, Richard A. Brown was selected by Edward M. Willett as co-trustee, and these two gentlemen have, ever since the date last named, been charged with the duties of the trust.
Edward Willett, one of the persons entitled in remainder to the trust property after the death of his father, commenced a proceeding in October, 1886, for an accounting by the present trustees. Two accounts were subsequently filed, one by Edward M. Willett, covering his transactions from June 1, 1876 (down to which time he claimed to have *447 already accounted in the supreme court), to June 7, 1886; the other by Edward M. Willett and Richard A. Brown, covering a subsequent period. Objections to these accounts having been interposed, the issues were submitted to a referee whose report is before me. I am now asked to pass upon certain exceptions to that report.
It appears that in the year 1876, soon after Edward M. Willett, then the only surviving trustee, had appointed William E. Waring as his associate, in accordance with the provisions of the will, a proceeding was commenced in the supreme court for an accounting. The only parties to that proceeding were the two then acting trustees and the legal representatives of the deceased trustee, William M. Willett, Jr. The proceeding terminated in a decree whereby it was adjudged that the trust fund was then represented by certain investments in such decree specified.
In the present proceeding, the petitioner offered testimony before the referee for the purpose of showing that the fund for which Edward M. Willett should have been found accountable at the time such decree was entered, was in excess of the amount wherewith he was in fact charged. This testimony was excluded by the referee upon the ground that such' decree was conclusive. To this finding exception is now taken.
As this petitioner, and another remainderman who has been permitted to intervene herein, were not parties to the supreme court proceeding, the referee erred in holding that they were bound by the decree. This exception must, therefore, be sustained, and the matter may go back to the referee for further investigation.
At the date of the supreme court decree, certain of the trust funds were represented by three mortgages which had been taken by William M. Willett, Jr., in 1873 and 1874, upon three separate pieces of real estate in Jersey City, Mew Jersey. '
It appeared in testimony before the referee herein that during William M. Willett’s life the whole management of the trust fund was left in his hands by his co-trustee, Edward M. Willett, now accounting; and that Edward M. Willett similarly left the management of the trust fund to his associate, Waring, after the latter’s appointment.
It further appeared that in 1876, while Waring was acting as trustee, interest upon the mortgages above referred to ceased to be paid, and that Waring, although urged by the life beneficiary to take some action in the matter, refused to commence proceedings for foreclosure, upon the ground that the property covered by the mortgage was, in his opinion, of so little value that foreclosure proceedings would subject the trust fund to loss. With the assent of *448 Waring, the life beneficiary himself commenced actions-for foreclosure, and, at the sale thereafter, purchased the three several pieces of real estate covered by the three mortgages, at prices which barely covered the expenses, so that nothing was realized for the trust fmid. The whole sum represented by these mortgages was thus lost to the-trust, unless it could be shown that there was a liability on the part of the trustee by whom the original investment-was made, or that the successors of such trustee had been somehow delinquent in the premises.
The life beneficiary, in purchasing the property at the-foreclosure sales, became, in no manner, indebted to the trustees, but, for some reason not clearly disclosed, he was-persuaded by trustee Waring to execute mortgages upon the several pieces of property, for a sum equal to that of the original security.
In 1884, after the death of Waring, and while Edward M. Willett was the sole trustee, the latter cancelled these last-named mortgages. Exception is taken to the finding that he is not, by reason of that action, chargeable with the-amount such mortgages represented. This exception cannot be sustained.
The beneficiary for life, at the time when the mortgages-were executed, does not appear to have been indebted to the-trustees, and I am persuaded from the evidence that a court of equity would have decreed their cancellation, notwithstanding the rule of law that want of consideration cannot-be successfully pleaded by the maker of a sealed instrument where such instrument acknowledges a consideration on its face.
It is further claimed by the remainderman that Edward M. Willett is responsible for the losses which the trust estate has suffered by the negligence or misconduct of his several co-trustees.
One of two trustees cannot ordinarily be held liable for the misconduct of his associate, unless it is made to appear that he is personally chargeable with negligence.
The will of this testatrix provides that her trustees “ shall be answerable for willful laches and default only.” I find nothing in the testimony to satisfy me that trustee, Edward M. Willett, has been guilty of such willful laches or default respecting the acts of any of his co-trustees.
If it be a fact, however, that William M. Willett, Jr., while acting as trustee, was so far negligent as to subject the trust estate to losses for which he could have been held responsible in his life-time, and for which his estate could have been held responsible upon his death, it was undoubtedly the duty of this accounting trustee, who was sole trustee for a considerable period thereafter, to see to it that this liability was enforced.
If it should be made to appear that the value of the trust- *449 estate has been impaired by the misconduct of William M. Willett, Jr., and that such impairment might have been made good through prompt action on the part of Edward M. Willett, and that the opportunity to recover from William M. Willett, Jr.’s estate has been lost through Edward M. Willett’s neglect, then the latter can be held responsible, not for his co-trustees negligence, but for his own,- and he can be held, in like manner, responsible for any similar neglect of duty in connection with the transactions of his co-trustee, Waring.
The proceeding may be remitted to the referee for further inquiry, in accordance with these views.